UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-436-RJC
(3:05-cr-46-RJC-DSC-2)

| | |
|---|---|
| CURTIS ARNOLD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on pro se Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which must be dismissed for lack of jurisdiction.

**I.     BACKGROUND**

Petitioner pleaded guilty to a single count of conspiracy to possess with intent to distribute at least five kilograms of cocaine, and he was sentenced to 262 months' imprisonment followed by 10 years of supervised release. [3:05-cr-46 ("CR") Doc. 35] (Judgment); [CR Doc. 38] (Amended Judgment). The Fourth Circuit Court of Appeals affirmed on direct appeal. United States v. Arnold, 225 F. App'x 140 (4th Cir. 2007).

In 2010, Petitioner filed a Motion to Vacate, Case No. 3:10-cv-453,[1] in which he argued that he was actually innocent of career offender sentencing because neither of his prior North Carolina drug convictions was a "felony" punishable by more than one year in prison based on

---
[1] Petitioner previously filed a § 2255 action, Case No. 3:10-cv-359, that was dismissed without prejudice on procedural grounds.

1

Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). [3:10-cv-453, Doc. 1]. The Federal Defender's Office appeared on Petitioner's behalf and filed a Supplemental Motion to Vacate arguing that Petitioner's § 851 and career offender enhancements were invalid pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). [Id., Doc. 15]. After staying the case pending developments in the case law, the Court dismissed and denied the Motion to Vacate. Arnold v. United States, 2015 WL 1457531 (W.D.N.C. March 30, 2015). The Fourth Circuit dismissed Petitioner's appeal. United States v. Arnold, 613 F. App'x 252 (4th Cir. 2015).

In 2020, Petitioner filed a Petition pursuant to 28 U.S.C. § 2241 in this Court, Case No. 3:20-cv-80.[2] He sought relief under § 2255's savings clause, arguing that his North Carolina prior convictions are not felony drug offenses for purposes of the career offender and § 851 enhancements pursuant to Simmons, and that two convictions that were consolidated in a single judgment were erroneously counted separately for purposes of the career offender enhancement. The Court found that Petitioner failed to demonstrate that the savings clause applied and dismissed the § 2241 Petition for lack of jurisdiction. Arnold v. United States 2020 WL 6587083 (W.D.N.C. Nov. 10, 2020).

Petitioner has now filed the instant § 2255 action arguing that his criminal history was miscalculated, and challenging the career offender and § 851 enhancements. [Doc. 1]. He seeks resentencing without enhancements, and a reduction in his supervised release. [Id. at 11-12].

## II.     LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of

---

[2] Petitioner had previously sought § 2241 relief in the United States District Court for the District of New Jersey; his Petitions were dismissed for lack of jurisdiction. See Arnold v. Hollingsworth, 2016 WL 2855062 (D.N.J. May 16, 2016); Arnold v. Dix, 2018 WL 1704785 (D.N.J. April 9, 2018).

federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

### III. DISCUSSION

The instant Motion to Vacate is an unauthorized second or successive § 2255 action over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 petition that was denied on the merits. Petitioner has now filed this § 2255 Motion to Vacate without first obtaining authorization to do so from the Fourth Circuit. Accordingly, the instant petition will be dismissed as an unauthorized second or successive § 2255 Motion to Vacate over which the Court lacks jurisdiction.

### III. CONCLUSION

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: September 21, 2022

Robert J. Conrad, Jr.
United States District Judge